**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 14-4226**

―――――――――――

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

RASHARD WILSON,

                Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:12-cr-00086-RWT-5)

―――――――――――

Submitted: October 31, 2014       Decided: December 22, 2014

―――――――――――

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Michael F. Smith, Victoria S. Palmer, THE SMITH APPELLATE LAW FIRM, Washington, D.C., for Appellant. Arun G. Rao, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashard Wilson appeals his conviction and 235-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP"), twenty-eight grams or more of cocaine base, and heroin, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether (1) Wilson's appellate waiver is enforceable, (2) his sentence is unreasonable on multiple grounds, and (3) the Government breached the plea agreement. Wilson was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response. We affirm.

Counsel first argues that the court inaccurately advised Wilson regarding the appellate waiver provision in his plea agreement, rendering the waiver unenforceable. We need not reach this issue, as the Government has not sought to enforce the waiver, and we decline to enforce appellate waivers sua sponte. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); see also United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that, in Anders appeal with appellate waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

Counsel next raises several challenges to Wilson's sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within- or below-Guidelines sentence is substantively reasonable. Susi, 674 F.3d at 289. The defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Counsel questions whether the trial court erred in imposing the career offender Guidelines enhancement because his Maryland conviction for possession with intent to distribute PCP was not a proper career offender predicate in light of Descamps v. United States, 133 S. Ct. 2276 (2013). We find this argument unpersuasive, as Wilson stipulated to the career offender enhancement, and, in any event, his statute of conviction clearly qualifies as a predicate "controlled substance offense." See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.2(b) (defining controlled substance offense); Md. Code Ann., Crim. Law, § 5-602 (LexisNexis 2012) (criminalizing distributing or possessing with intent to distribute controlled dangerous substance).

Counsel also questions whether the court erred in considering factors other than Wilson's substantial assistance in determining the extent of his downward departure. Where the Government has moved for a downward departure under USSG § 5K1.1, the court "has broad discretion in deciding whether to depart downward and to what extent." United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999). Guidelines Section 5K1.1(a) provides a non-exclusive list of factors the district court should consider in ruling on a downward departure motion. The district court is required to conduct an "individualized qualitative examination" of the defendant's cooperation. United

4

States v. Hill, 70 F.3d 321, 325 (4th Cir. 1995). "[A]ny factor considered by the district court on a § 5K1.1 motion must relate to the 'nature, extent, and significance' of the defendant's assistance." United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999). However, "[t]he nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis." USSG § 5K1.1 cmt. (background).

Our review of the record reveals no error in the court's consideration of Wilson's relative assistance. Although it is not one of the factors enumerated in USSG § 5K1.1(a), comparison of Wilson's contribution with that of his codefendants is directly related to the nature, extent, and significance of Wilson's assistance and relevant to several of the enumerated factors. See USSG § 5K1.1(a)(1), (3). Thus, we conclude the court did not abuse its broad discretion in determining the extent of the departure based in part on Wilson's relative assistance.

Counsel next questions whether the court imposed a substantively unreasonable sentence because his sentence was greater than that of his codefendants. As counsel concedes, however, the court considered the need to limit sentencing disparities but concluded that Wilson's higher Guidelines range was warranted by his extensive criminal history and resulting

5

career offender status. Because any disparity in Wilson's sentence was not unjustified, his sentence was not substantively unreasonable on this basis.

Finally, counsel also questions whether the Government breached the plea agreement when it agreed not to rely on Wilson's prior felony drug conviction to enhance his mandatory minimum sentence, but later relied on that conviction to argue for the career offender enhancement. We conclude this argument is meritless. Wilson stipulated to the career offender enhancement, and the Government did not obligate itself not to rely on Wilson's prior convictions for purposes other than the statutory sentencing enhancement. Because the Government is held only to those promises it actually made in the plea agreement, United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009), we discern no breach of the plea agreement.

In sum, the court properly calculated Wilson's Guidelines range and adopted the Government's request for a downward departure under USSG § 5K1.1. The court provided a detailed explanation for the sentence it imposed, grounded in the § 3553(a) factors. Wilson does not rebut the presumption of reasonableness accorded his below-Guidelines sentence. See Susi, 674 F.3d at 289; Montes-Pineda, 445 F.3d at 379. And the Government did not breach the plea agreement. We therefore conclude the sentence is reasonable.

6

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Wilson's conviction and sentence. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>